UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| Zcataline Brandley | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action H-07-1410 |
| | § | |
| Allstate Texas Lloyd's d/b/a, | § | |
| Allstate Insurance Company, | § | |
| Defendant, | § | |
| | § | |

**MEMORANDUM AND ORDER**
**GRANTING PARTIAL SUMMARY JUDGMENT**

This lawsuit arises out of the burglary of plaintiff Zcataline Brandley's home and the refusal of defendant Allstate Texas Lloyd,'s d/b/a Allstate Insurance Company ("Allstate"), to pay Brandley's claim for the items taken in the burglary. Brandley has brought claims for breach of contract, emotional distress and mental anguish, common law bad faith, violations of the Deceptive Trade Practices Act ("DTPA"), and violations of Article 21.21 of the Texas Insurance Code. She also seeks punitive damages and attorney's fees. *See* Dkt. 1, Ex. A. Allstate has brought a motion for partial summary judgment, arguing that Brandley is not entitled to punitive damages and attorneys fees, and that she has no evidence to support her DTPA, Article 21.21, common law bad faith, and emotional distress and mental anguish claims. *See* Dkt. 20. For the reasons expressed below, Allstate's motion is granted in part, and denied in part.

1

**Standard of Review**

To obtain summary judgment, Allstate bears the burden of demonstrating that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and therefore judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment should issue if, after having adequate time for discovery, Brandley has produced insufficient evidence to create a jury question on one or more of the essential elements of her claims. *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986). Conversely, where Allstate has the burden of proof, it must establish, as a matter of law, every essential element of its defense before Brandley can be obligated to produce specific facts to rebut the defense. *Chaplin v. Nations Credit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002). In determining the existence of a genuine issue of material fact, the court will draw all inferences arising from the facts in the light most favorable to the nonmoving party. *Hotard v. State Farm Fire & Cas. Co.,* 286 F.3d 814, 817 (5th Cir. 2002).

**Analysis**

**1.    Brandley's claims regarding common law bad faith, and violations of the DTPA and Article 21.21 of the Texas Insurance Code.**

Brandley has not responded to Allstate's motion and the only evidence in the record is the evidence attached to Brandley's original petition. This evidence is limited to a page from Brandley's insurance policy with Allstate, and a "public release report for Harris

County law enforcement" which lists the items reported stolen in the burglary. *See* Dkt. 1 (containing attachments to Plaintiff's Original Petition, pgs. 7, 10-12).

This evidence is insufficient to overcome summary judgment. Despite having had ample time to conduct discovery,[1] Brandley has failed to produce evidence creating a jury question on one or more of the essential elements of her claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317 at 327. To establish a DTPA or Article 21.21 violation, Brandley must first demonstrate that Allstate breached its common law duty of good faith and fair dealing. *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997). To demonstrate this breach, Brandley must show that Allstate had no reasonable basis for denying her claim. *Id.* at 459. Here, the burglary report and page from Brandley's insurance policy do not create a jury question under a bad faith theory of liability because these documents do not show that Allstate denied her claim for an improper or unreasonable reason. In fact, these documents do not even show that Allstate denied Brandley's claim. Accordingly, Brandley has not created a jury question on an essential element of her bad faith, DTPA and Article 21.21 claims and therefore they must be dismissed.[2]

**2.    Punitive damages.**

To obtain punitive damages Brandley must demonstrate that Allstate was actually

---

[1] This case was removed to federal court on April 26, 2007, the scheduling order has been in place since July 18, 2007, and the discovery cut-off date is March 31, 2008.

[2] Allstate has also requested that summary judgment issue with respect to Brandley's emotional distress and mental anguish claims. However, Allstate provides no argument or authority for dismissing these claims and therefore its request is denied.

aware that its conduct would probably result in the kind of harm that is not ordinarily associated with a breach of contract or bad faith denial of a claim. *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 54 ( Tex. 1997). Specifically, she must show that Allstate was aware that extraordinary harm such as death, grievous physical injury or financial ruin would probably occur when it denied her claim. *Id*. Here again, because Brandley has produced no evidence showing that Allstate denied her claim in the first place, much less denied it with an awareness that it would cause her extraordinary harm, Brandley has failed to create a question for the jury on the issue of punitive damages. Her prayer for these damages is, therefore, dismissed.

**3.    Attorney's Fees.**

Brandley's petition also asserts her entitlement to attorney's fees for breach of contract as provided by Section 38.001 of the Texas Civil Practice and Remedies Code. Allstate argues that Brandley may not recover attorney's fees because Section 38.006 of the Code expressly states that Chapter 38 does not apply to insurance contracts subject to Chapters 541 and 542 of the Insurance Code. *See* Tex. Civ. Prac. & Rem.Code Ann. § 38.006 (Vernon 1997). The court, however, is in no position to rule on this issue because the parties have not established whether Brandley's insurance contract is subject to Chapters 541 and 542 of the Insurance Code. Further, the Texas Supreme Court has held that in some circumstances an insured may recover attorney's fees against an insurer in Texas. *See Grapevine Excavation, Inc. v. Maryland Lloyds,* 35 S.W.3d 1, 5 (Tex. 2000) *answer to certified question conformed*

to *Federated Mut. Ins. Co. v. Grapevine Excavation, Inc.,* 241 F.3d 396 (5th Cir. 2001) (holding that in "a policyholder's successful suit for breach of contract against an insurer ... the insurer is liable for reasonable attorney's fees incurred in pursuing the breach of contract action under section 38.001." ).

Next, while Allstate claims that Brandley has failed to designate an expert witness on the subject of attorney's fees, her initial disclosures list L. Mickele' Daniels as a person having knowledge of reasonable attorney's fees (Dkt. 23, p.1). Allstate has not demonstrated why this disclosure is insufficient, nor has it demonstrated why L. Mickele' Daniels should be barred from testifying on the subject. Accordingly, Allstate's motion to dismiss Brandley's request for attorneys fees is denied.

Signed at Houston, Texas on May 2, 2008.

Stephen Wm Smith
United States Magistrate Judge