**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Zcataline Brandley  Plaintiff, | § § § § | |
| vs. | § § | Civil Action H-07-1410 |
| Allstate Texas Lloyd,'s d/b/a, Allstate Insurance Company,  Defendant. | § § § § § | |

**Opinion on Summary Judgment**

Before the court is a motion for summary judgment (Dkt. 28) filed by Defendant Allstate Texas Lloyd,'s d/b/a Allstate Insurance Company. For the reasons expressed below, Allstate's motion is granted.

**Background**

This lawsuit arose out of the burglary of Plaintiff Zcataline Brandley's home and Allstate's refusal to pay Brandley's claim for the items taken in the burglary. Brandley's complaint asserted claims for breach of contract, emotional distress and mental anguish, common law bad faith, violations of the Deceptive Trade Practices Act ("DTPA"), and violations of Article 21.21 of the Texas Insurance Code. Her complaint also sought punitive damages and attorney's fees.[1] On December 7, 2007, Allstate filed a motion for partial summary judgment. Brandley did not respond and on May 2, 2008, this court issued a partial

---

[1] *See* Dkt. 1, Ex. A.

1

summary judgment order which disposed of Brandley's claims for punitive damages, common law bad faith, and violations of the DTPA and Article 21.21. Three days before the court's order was docketed, Allstate filed its instant motion seeking summary dismissal of Brandley's remaining claims. The court heard oral argument on Allstate's motion on June 19, 2008.

## Standard of Review

To obtain summary judgment, Allstate bears the burden of demonstrating that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and therefore judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment should issue if, after having adequate time for discovery, Brandley has produced insufficient evidence to create a jury question on one or more of the essential elements of her claims. *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986). Conversely, where Allstate has the burden of proof, it must establish, as a matter of law, every essential element of its defense before Brandley can be obligated to produce specific facts to rebut the defense. *Chaplin v. Nations Credit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002). In determining the existence of a genuine issue of material fact, the court will draw all inferences arising from the facts in the light most favorable to the nonmoving party. *Hotard v. State Farm Fire & Cas. Co.,* 286 F.3d 814, 817 (5th Cir. 2002).

2

## **Analysis**

As was the case with Allstate's partial motion for summary judgment, Brandley has failed to respond to Allstate's motion and the only evidence in the record is the evidence attached to Brandley's original petition. This evidence is limited to a page from Brandley's insurance policy with Allstate, and a "public release report for Harris County law enforcement" which lists the items reported stolen in the burglary.[2]

This evidence is insufficient to overcome summary judgment. To prevail on a breach of contract claim, Brandley must show that Allstate failed to preform an act or thing that it implied or expressly promised to preform. *Dorsett v. Cross*, 106 S.W.3d 213, 217 (Tex. App. 2003, pet. denied). Despite having had ample time to conduct discovery,[3] Brandley has not created a fact issue on the issue of whether Allstate failed to preform according to its promise, and she has failed to show that she suffered damages as a result. In her initial Rule 26 disclosures, Brandley identified no documents or computations of data to support her claims or quantify her damages.[4] Similarly, despite this court's order granting Allstate's motion to compel,[5] Brandley did not respond to Allstate's discovery requests asking her to

---

[2] *See* Dkt. 1 (containing attachments to Plaintiff's Original Petition, pgs. 7, 10-12).

[3] This case was removed to federal court on April 26, 2007, the scheduling order has been in place since July 18, 2007, and the discovery cut-off date was March 31, 2008.

[4] *See* Dkt. 29, Ex. 3, pgs. 1-2.

[5] *See* Dkt. 22.

list facts which supported her allegations of breach and damages.[6]

During oral argument Brandley's counsel stated that Brandley could give testimony supporting her claims for breach of contract and damages, but acknowledged that no such testimony had been submitted to the court. Since the discovery period has closed and Brandley's counsel could not give a valid reason for failing to provide facts supporting Brandley's claims (or for failing to file a Rule 56(f) motion or otherwise request more time to respond to Allstate's motion), this court finds that no fact issues preclude summary judgment on Brandley's breach of contract claim. Because Brandley has failed to show that Allstate breached its contract with her or otherwise acted improperly, she has also failed to support her emotional distress and mental anguish claims.

Accordingly, Allstate's motion is granted, and all other pending motions are dismissed as moot.

Signed at Houston, Texas on July 2, 2008.

*Stephen Wm Smith*
Stephen Wm Smith
United States Magistrate Judge

---

[6] *Id.*, Ex. 2., pgs. 2-3.